JON DEVLIN DANCERCISE, INC., Plaintiff,

v.

DANCERSIZE, INC. and Carol Hensel, Defendants.

No. 81 Civ. 4064(MP)

United States District Court, S. D. New York.

July 13, 1981.

Curtis, Morris & Safford, New York City, for plaintiff; Lee C. Robinson, Jr., New York City, of counsel.

Squire, Sanders & Dempsey, Cleveland, Ohio, for defendant Dancersize, Inc.; James

**974**

P. O'Shaughnessy and Lawrence Lighter, Cleveland, Ohio, of counsel.

MILTON POLLACK, District Judge.

This case asserts claims for infringement of the trade name and mark "DANCERCISE" individually and in combination with Jon Devlin's name, the originator of "DANCERCISE" and its concepts. The subject matter is a dance exercise concept.

The plaintiff is moving for a preliminary injunction. The Court has jurisdiction of the subject matter.

The plaintiff is the owner of "DANCERCISE." It has been using and commercially exploiting the "DANCERCISE" mark for almost fourteen years with success and profit. This has been accomplished through distribution and sale of "DANCERCISE" dance exercises and record albums, including pamphlets that accompany the albums and explain the program, as well as through media coverage and advertising.

Plaintiff's mark and associated name are strong and indicate the source of the services and goods under the mark "DANCERCISE."

The defendant, Dancersize, Inc., is an Ohio corporation, and Carol Hensel, the individual defendant, is a resident of Ohio, and they have been using the mark which they have specifically referred to as a trade mark of "DANCERSIZE" or dance exercise services and dance exercise record albums.

■ The mark of the plaintiff and its phonetic equivalent, and that used by the defendants, are virtually the same for all practical purposes, and there is unquestionably a grave likelihood of confusion. The services and goods offered by the parties respectively are of the same type.

■ The defendants proceeded to market their services and product in the County and State of New York, an important market for such items, as well as in many other localities in the United States, under the name and its phonetic equivalent which the evidence sufficiently indicates by way of inference is an intentional appropriation with the knowledge of the plaintiff's marketing of like services and goods under the trade name "DANCERCISE."

The defendants have deliberately infringed thereon in the geographical markets used for the plaintiff's services and products, including the County and State of New York.

The plaintiff filed its trade name and mark in virtually every state of the Union in or about 1969, and offered and distributed its services and product both nationally and internationally, including in the County and State of New York.

■ There is unquestionably immediate irreparable damage to the plaintiff from the activities, promotion, marketing and distribution of the defendants' services and goods under and using the word Dancersize, or the phonetic equivalent of the plaintiff's trade mark.

The defendants' album is asserted to have been a phenomenal success; that it is the first exercise record to reach the "National Top 100 Charts," and expected by the defendants soon to be certified as a record whose sales have equalled or exceeded 500,000 copies, viz., a gold record. This underscores the "knockoff" effect of defendants' activities on plaintiff's records.

■ The plaintiff has sustained its burden of proof to show a protectible interest and a clear right to the word and name "DANCERCISE" and its phonetic equivalent. The plaintiff has adequately established prima facie that "DANCERCISE" and its phonetic equivalent has acquired a secondary meaning in the marketplace and among distributors and consumers and purchasers of such services and products. It is fairly inferable that the defendants have intentionally and knowingly infringed on plaintiff's mark.

■ The plaintiff has demonstrated a high probability of ultimate success in this litigation. There has unquestionably been created by the defendants a false representation as to the origin of their goods constituting unfair competition on the defendants' part as against plaintiff in interstate

commerce likely to deceive purchasers as to the source of origin of the goods marketed by the defendants.

The evidence requires the inference that plaintiff's mark was adopted deliberately with a view to obtain some advantage from the good will, good name, and good trade which plaintiff built up with the expectation by the defendants of confusion and resultant profit.

■ The trade name and mark of the plaintiff is not a generic mark and was unavailable under the evidence herein to be appropriated by the defendants.

■ The plaintiff is not guilty of laches in asserting its rights against defendants; indeed, the title to the Ohio registration of the name "DANCERSIZE" was transferred to the defendant corporation only last month on June 8, 1981. At no time did the plaintiff abandon its claim and assertions of defendants' violations of plaintiffs' rights.

■ The plaintiff is not equitably or legally estopped to assert the rights related herein as against the defendants. The negotiations between the attorneys for the parties starting last fall and continuing during this spring involved a consistent assertion and reassertion by the plaintiff and its representatives of its trade mark rights involved herein.

■ The plaintiff is entitled to the entry of a preliminary injunction against the defendants, their officers, agents, servants, employees, attorneys, successors, assigns, and all other parties in privity, concert or participation with them or on their behalf, and they are hereby enjoined and restrained from in any manner directly or indirectly:

1. Imitating, copying, counterfeiting, or making unauthorized use of plaintiff's distinctive mark "DANCERCISE," or any other confusingly similar name, including the name DANCERSIZE for dance exercise record albums and dance exercise services;

2. Manufacturing, producing, distributing, circulating, selling, offering for sale, moving, or otherwise disposing of, advertising, promoting or displaying any product bearing any confusingly similar name to plaintiff's distinctive "DANCERCISE" mark, including the name DANCERSIZE, or bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of plaintiff's distinctive "DANCERCISE" mark for dance exercise record albums and dance exercise services;

3. Using any confusingly similar name to plaintiff's distinctive "DANCERCISE" mark, including the name DANCERSIZE, or any simulation, reproduction, counterfeit, copy or colorable imitation of plaintiff's distinctive "DANCERCISE" mark for dance exercise record albums and dance exercise services in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any product or service, in such fashion as to relate or connect, or tend to relate or connect such product or service in any way to plaintiff or to any goods or services sold, manufactured, sponsored or approved by, or connected with plaintiff;

4. Using any false designation of origin or any false description or representation (including, without limitation, any packaging, letters or symbols), which can, or is likely to, lead the trade or public, or individual members thereof, to believe that any product manufactured, distributed or sold, or any service rendered by the defendants is in any manner associated or connected with plaintiff, or is sold, manufactured, licensed, sponsored, approved or authorized by plaintiff;

5. Engaging in any other activity constituting an infringement of plaintiff's "DANCERCISE" mark, or of plaintiff's rights in, or rights to use or to exploit, said mark, and

6. Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs 1 through 5 above.

■ A bond in the sum of $10,000 to be posted by the plaintiff will be imposed and said amount is selected in view of the overwhelming evidence of plaintiff's demonstrating high probability of ultimate success in this litigation.

The foregoing shall constitute the findings of fact and conclusions of law required by Rule 52(a) of the Federal Rules of Civil Procedure.